UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE MANUEL PARDO RAMIREZ,

        Petitioner,

v.

KEVIN RAYCRAFT, et al.,

        Respondents.

_____/

Case No. 2:26-cv-10980

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), DISMISSING SEVERAL RESPONDENTS, ORDERING RESPONDENT TO PROVIDE PETITIONER WITH A BOND HEARING OR OTHERWISE RELEASE HIM, AND ORDERING RESPONDENT TO PROVIDE A STATUS REPORT**

Before this Court is Petitioner Jose Manuel Pardo Ramirez's petition for a writ of habeas corpus in which he argues that he is being detained without a bond hearing in violation of the Immigration and Nationality Act (INA) and his due process rights. This case is yet another "one of an ever-growing number of challenges in the District, and across the country, to noncitizen detentions arising out of the [DHS's] current interpretation of the" INA. *Romero Garcia v. Raycraft*, No. 25-cv-13407, 2025 WL 3252286, at *1 (E.D. Mich. Nov. 21, 2025). This Court will grant the petition for the reasons provided below and in accordance with the other judges in this District who "have joined their peers nationwide to conclude that the interpretation being advanced by the Government, which would require the mandatory detention of

hundreds of thousands, if not millions, of individuals currently residing with the United States, is contrary both to the plain text of the statute and the overall statutory scheme." *Id.*; *see, e.g.*, *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025) (McMillion, J.); *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425 (E.D. Mich. Sept.9, 2025) (White, J.); *Salgado Bustos v. Raycraft*, No. 25-13202, 2025 WL 3022294 (E.D. Mich. Oct. 29, 2025) (Edmunds, J.).

## I. BACKGROUND

Pardo Ramirez is a Mexican citizen "who has resided in the United States since 2001." ECF No. 1 at PageID.6, 8. He has since resided and worked in Grand Rapids, Michigan. *Id.* at PageID.8. He has three children who are U.S. citizens—as well as two children born in Mexico—and he "has one misdemeanor conviction on his record from almost 25 years ago, for possession of an open alcohol container." *Id.*

On approximately March 4, 2026, Pardo Ramirez "was taken into immigration custody after finishing a work shift on Mackinac Island." *Id.* Pardo Ramirez was initially held in custody in Northern Michigan before being transferred into the custody of Immigration and Customs Enforcement (ICE). *Id.*; *see also* ECF No. 4 at PageID.20. Pardo Ramirez is currently detained at the Monroe County Jail, having been placed in removal proceedings for entering without inspection. *Id.* at PageID.8–9.

In his Notice to Appear, Pardo Ramirez is stated to be subject to removal pursuant to "212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." ECF No. 5-2 at PageID.99. The Notice also refers to section 212(a)(7)(A)(i)(I) of the INA describing that he lacked appropriate travel documents to otherwise enter the country lawfully. *Id.*

On March 24, 2026, Pardo Ramirez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a supplemental brief, alleging that he is being unlawfully detained without the possibility of bond, in violation of the INA and the Due Process Clause of the Fifth Amendment. ECF Nos. 1; 2. He brings his petition against Respondents Kevin Raycraft, the Director of the Detroit Field Office of ICE; the United States Department of Homeland Security (DHS) and its Secretary, Kristi Noem; United States Attorney General Pamela Bondi, and the Executive Office for Immigration Review (EOIR).[1] *Id.* at PageID.3.

On April 2, 2026, this Court ordered Respondents to respond to the petition by April 13, 2026. ECF No. 2. Respondents did so by the required date, arguing that

---

[1] Since filing this petition, Noem and Bondi were removed and replaced by Markwayne Mullin and acting Attorney General Todd Blanche, respectively. Accordingly, Mullin and Blanche are automatically substituted for Noem and Bondi pursuant to Civil Rule 25. *See* FED. R. CIV. P. 25(d).

Pardo Ramirez can only bring his petition against his physical custodian, is lawfully detained, and has not been deprived of due process. ECF No. 5.

## II. LEGAL STANDARD

Habeas corpus is "perhaps the most important writ known to the constitutional law. . . affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (internal quotation marks and citations omitted), *overruled in part on other grounds*. A district court may issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pursuant to 28 U.S.C. § 2443, the Court, when evaluating an application for a writ of habeas corpus, "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."

## III. ANALYSIS

For the reasons provided below, this Court will dismiss all Respondents except ICE Field Office Director Kevin Raycraft but will grant the petition.[2]

---

[2] To the extent that the Parties may dispute whether Pardo Ramirez is required to exhaust administrative remedies—which he argues against, *see* ECF No. 1 at PageID.18–19—this Court exercises its discretion and finds that he does not. *See Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *4 (E.D. Mich. Aug. 29, 2025) (waiving administrative exhaustion requirements for an immigrant petitioner seeking a bond hearing); *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sept. 9, 2025) (same).

**A. Proper Respondents**

Pardo Ramirez named Respondents Kevin Raycraft, the Secretary of DHS, the DHS itself, the United States Attorney General, and the EOIR, arguing that they are all involving in the implementation and enforcement of ICE and INA policies. ECF No. 1 at PageID.7. Respondents argue that the proper respondent is Pardo Ramirez physical custodian—the warden of the Monroe County Jail—or, alternatively, Kevin Raycraft because he is the ICE Field Office Director. ECF No. 5 at PageID.75.

As the Sixth Circuit explained, the proper respondent to an immigration habeas petition is, generally, the immediate custodian, including the ICE Field Office Director Kevin Raycraft. *See Roman v. Ashcroft*, 340 F.3d 314, 322 (6th Cir. 2003). Therefore, Raycraft is an appropriate respondent in this matter. *See id.* However, the

---

Moreover, waiving exhaustion here is warranted because bond denial appeals "typically take six months or more to be resolved at the BIA." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1245 (W.D. Wa. 2025). And such a timeline for an administrative remedy is unreasonable or indefinite such that courts may waive the exhaustion requirement. *See Pizarro Reyes*, 2025 WL 2609425, at *3 (citing *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020)). Indeed, the "delays inherent" in the BIA's administrative process "would result in the very harm that the bond hearing was designed to prevent[:]" prolonged detention without due process. *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 237 (W.D.N.Y. 2019) (citation omitted). Finally, requiring Pardo Ramirez to exhaust his administrative remedies would hinder his ability to prepare his case on appeal, as he has limited access to attorneys, witnesses, evidence, interpreters, and technology while detained. *See Pizarro Reyes*, 2025 WL 2609425, at *4. Thus, this Court will waive any exhaustion requirement and proceed to the merits of his habeas petition.

petition did not adequately set forth Pardo Ramirez's intent to file a combined habeas petition and complaint for declaratory relief nor provide authority to justify including other Respondents beyond Raycraft. Pardo Ramirez also fails to adequately explain why an injunction on transfer pending resolution of his petition requires the others to be Respondents beyond merely gesturing to the fact that they may have authority over custody determinations, immigration detention administration, and the enforcement of immigration laws.[3] Accordingly, this Court will dismiss all Respondents except Raycraft. *See id.*

---

[3] Notably, in *Roman*, the Sixth Circuit "acknowledged that the Attorney General may also be a proper respondent under certain circumstances due to 'the degree of control which the Attorney General has over an alien's immediate custodian.' 340 F.3d at 324–25." *Amaya v. Raycraft*, No. 25-13539, 2025 WL 3530273, at *5 (E.D. Mich. Dec. 9, 2025) (Levy, J.). As Judge Levy observed in a recent opinion addressing the same situation:

> These extraordinary circumstances include if the government "were to exercise its transfer power in a clear effort to evade an alien's habeas petitions." [*Roman*, 340 F.3d] at 326. *Roman* suggests that there must be some kind of showing of these extraordinary circumstances in order to keep or add the Attorney General as a respondent. The Sixth Circuit noted that the petitioner in *Roman* "has not alleged facts suggesting either that the government improperly manipulated its authority in an attempt to deny Roman a meaningful opportunity for relief" or that the petitioner faced difficulties such as an inability to know who their immediate custodian is or where the petitioner is being detained. *Id.* at 326. Here, these circumstances have not been demonstrated.

*Amaya*, 2025 WL 3530273, at *5.

**B. Detention without Bond Under the INA**

Pardo Ramirez alleges that his continued detention without a bond hearing is an unlawful infringement on his constitutional right to due process. ECF No. 1. He argues that as someone who has long been residing in the United States before being apprehended and detained, he is subject to § 1226(a) of the INA, which entitles him to a bond hearing. *Id.* at PageID.17. Respondents disagree, arguing that Pardo Ramirez satisfies the elements under § 1225(b)(2) as "an applicant for admission," and is therefore properly detained thereunder. ECF No. 5 at PageID.75. This Court finds that § 1226(a) is the relevant provision governing his detention and that he is entitled to a bond hearing.

To date, "[a]t least a dozen federal courts" have reached the same conclusion after reviewing the statutory text, history, congressional intent, and application for the last three decades, that § 1226(a) is the appropriate statute applicable to noncitizens facing removal who are already in the United States. *Pizarro Reyes*, 2025 WL 2609425, at *3 (collecting cases); see also *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025); *Martinez v. Hyde*, 1:25-cv-11613-BEM, 2025 WL 208438 (D. Mass. July 24, 2025); *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. July 28, 2025); *Rosado v. Figueroa et al.*, No. 2:25-cv-02157-DLR, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); *Lopez Benitez v. Francis et al.*, No. 1:25-cv-05937-DEH, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Gonzalez et al.*

*v. Noem et al.*, No. 5:25-cv-02054-ODW-BFM (C.D. Cal. Aug. 13, 2025); *dos Santos v. Noem*, No. 1:25-cv-12052-JEK, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Maldonado v. Olson*, No. 0:25-cv-03142-SRN-SGE, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Romero v. Hyde, et al.*, No. 1:25-cv-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Benitez et al. v. Noem et al.*, No. 5:25-cv-02190-RGK-AS (C.D. Cal. Aug. 26, 2025); *Kostak v. Trump et al.*, No. 3:25-cv-01093-JE-KDM, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); *Lopez-Campos*, 2025 WL 2496379; *Barrera v. Tindall*, No. 3:25-CV-541-RGJ, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Aguilar Merino v. Ripa et al.*, No. 25-23845-CIV, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025); *Sanchez Alvarez v. Noem et al.*, No. 1:25-CV-1090, 2025 WL 2942648 (W.D. Mich. Oct. 17, 2025).

As numerous other district courts have explained, § 1225(b)(2)(A) "applies to aliens undergoing inspection, which generally occurs at the United States' border, when they are seeking lawful entry into the United States." *Sanchez Alvarez*, 2025 WL 2942648, at *5. In contrast, looking to the plain language of the statute, § 1226(a) "applies to a noncitizen who has resided in this country for [many] years and was already within the United States when apprehended and arrested," as opposed to being apprehended upon arrival at the border. *Lopez-Campos*, 2025 WL 2496379, at *8.

To this Court, there is simply no question that § 1226(a)—not § 1225(b)(2)(A)—applies to noncitizens such as Pardo Ramirez who have resided in the United States for many years. And ICE's decision to upend 30 years of reasoned statutory interpretation is not persuasive otherwise. Thus, under § 1226(a), Pardo Ramirez is entitled to a discretionary bond determination hearing. And because Pardo Ramirez has been detained without having received such a bond determination hearing, he is in federal custody in violation of federal law. Thus, Pardo Ramirez's habeas petition will be granted, and Raycraft will be directed to provide Pardo Ramirez with a bond hearing under § 1226(a) on or before May 4, 2026, or otherwise release him.

### D. Fifth Amendment Due Process

This Court will decline to decide the merits of Pardo Ramirez's due process claims given that this Court is granting the relief that Pardo Ramirez requests based on its interpretation of the applicability of § 1226(a). If Raycraft does not provide Pardo Ramirez with a bond determination hearing or release him by May 4, 2026, Pardo Ramirez may renew his Fifth Amendment Due Process claims.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Respondents the U.S. Department of Homeland Security, the Secretary of the DHS, the U.S. Attorney General, and the

Executive Office for Immigration Review, are **DISMISSED** from the above-captioned case.

Further, it is **ORDERED** that Pardo Ramirez's Petition, ECF No. 1, is **GRANTED**. To that end, it is **ORDERED** that:

1. Respondent Raycraft is **DIRECTED** to provide Pardo Ramirez with a bond hearing under § 1226(a) **on or before May 4, 2026**, or otherwise release him; and

2. Respondent Raycraft is **DIRECTED** to file a status report to certify compliance with this order **on or before May 11, 2026**. The status report shall detail if and when Pardo Ramirez's bond hearing occurred, if bond was granted or denied, and—if bond was denied—the reasons for the denial.

**IT IS SO ORDERED.**

**This is not a final order and does not close the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: April 27, 2026

- 10 -